UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK FREY, #140356,

       Plaintiff,

                                CASE NO. 2:14-CV-10192
v.                                    HONORABLE VICTORIA A. ROBERTS

CRAIG RAISANEN, et al.,

       Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

Washtenaw County jail inmate and pre-trial detainee Mark Frey ("Plaintiff") has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action under 28 U.S.C. § 1915(a)(1).  In his Complaint, Plaintiff alleges that jail personnel improperly read his non-legal mail to his mother and sent copies to his attorney and the county prosecutor in violation of his First Amendment and due process rights.  Plaintiff also alleges that he does not have sufficient access to a law library at the jail.  He names Washtenaw County Detective Craig Raisanen, an unknown mailroom staff employee, and the Washtenaw County Sheriff's Department as the defendants in this action.  He sues the individual defendants in their official and individual capacities and the Sheriff's Department in its official capacity.  Plaintiff seeks injunctive relief and monetary damages.

Having reviewed the Complaint, the Court concludes that it must be summarily dismissed as frivolous and for failure to state a claim upon which relief may be granted.  The Court also concludes that an appeal from this decision cannot be taken in good faith.

## II. DISCUSSION

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

2

(quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). Mere negligence is not actionable under § 1983.

A.

As an initial matter, the Court finds that Plaintiff's claims against the Washtenaw County Sheriff's Department are frivolous. The Washtenaw County Sheriff's Department is not a legal entity subject to suit under 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Taylor v. Washtenaw Co. Jail.*, No. , 2010 WL 2232280, *2 (E.D. Mich. May 27, 2010) (citing cases); *Motley v. McCaffrey*, No. 09-CV-12119, 2009 WL 1658045, *2 (E.D. Mich. June 10, 2009) (citing cases); *Sumner v. Wayne Co.*, 94 F. Supp. 2d 822 (E.D. Mich. 2000). Any claims against the Washtenaw County Sheriff's Department must therefore be dismissed.

B.

3

Plaintiff asserts that the defendants violated his First Amendment rights by reading his outgoing letters to his mother and sending copies to his criminal attorney and the county prosecutor instead of his mother. Inmates have a First Amendment right to communicate with the outside world by sending and receiving mail. *Thornburg v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safely*, 482 U.S. 78, 85 (1987). That right, however, is not absolute. Rather, it is limited by concerns for institutional security and public safety. Prisons and jails may impinge upon an inmate's First Amendment right to send or receive mail so long as their policies are "reasonably related to legitimate penalogical interests." *Turner*, 482 U.S. at 89. With regard to outgoing mail, such concerns include, but are "not limited to, escape plans, plans relating to ongoing criminal activity, and threats of blackmail or extortion." *Thornburgh*, 490 U.S. at 412.

It is thus well-settled that prison or jail personnel do not violate the First Amendment by inspecting and reading an inmate's outgoing non-legal mail. *See Caldwell v. Beard*, 305 F. App'x 1, 4 (3d Cir. 2008) (prison officials did not violate the First Amendment by reading inmate's outgoing mail to his family); *Altizer v. Deeds*, 191 F.3d 540 (4th Cir. 1999) (opening and inspecting inmate's outgoing mail is reasonably related to legitimate penological interests and does not violate the First Amendment); *Smith v. Delo*, 995 F.2d 827, 830 (8th Cir. 1993) (prison officials are justified in screening outgoing nonlegal mail for escape plans, contraband, threats, or evidence of illegal activity); *Stow v. Grimaldi*, 993 F.2d 1002, 1004-05 (1st Cir. 1993) (state prison practice requiring that non-privileged outgoing mail be submitted for inspection in unsealed envelopes did not violate prisoner's constitutional rights); *United States v. Whalen*, 940 F.2d 1027, 1035 (7th Cir. 1991) ("it is well- established that prisons have sound reasons for reading the outgoing mail of their inmates");

*see also Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding prison regulations authorizing the inspection of incoming and outgoing nonlegal mail).

Additionally, courts have routinely held that prison officials do not commit a constitutional violation by reading prisoners' outgoing nonlegal mail and forwarding matters of concern to police or prosecutors. *See Busby v. Dretke*, 359 F.3d 708, 721 (5th Cir. 2004) (finding that the First Amendment did not bar jail officials from reading an inmate's mail and turning letters over to prosecutors if the jailers found valuable evidence during routine monitoring); *Gassler v. Wood*, 14 F.3d 406, 408 n. 5 (8th Cir. 1994) (citing cases and finding no First Amendment violation where prison officials read prisoners' outgoing nonlegal mail and sent copies to agent investigating their crimes); *Houston v. Hornick*, No. 2:08-cv-92, 2008 WL 2699384, *1-2 (W.D. Mich. June 30, 2008) (adopting report and recommendation dismissing complaint for failure to state a constitutional claim where prison official read prisoner's letter to psychiatrist and gave it to police, which resulted in prisoner's bond revocation and placement in segregation). Thus, to the extent that Plaintiff contends that his First Amendment rights were violated by the defendants' actions in reading his letters and forwarding copies to his attorney or the county prosecutor, he fails to state a claim upon which relief may be granted.

Moreover, given the foregoing discussion, Plaintiff cannot prevail on any claim that his rights were violated because the outgoing letters were confiscated by the authorities and not delivered to his mother. He fails to allege any facts suggesting that such action caused him actual injury – and he admits that copies of the letters were given to his own attorney. Given such circumstances, Petitioner has failed to state a claim upon which relief may be granted as to this issue.

5

C.

Plaintiff also asserts a violation of his due process rights with regard to the screening of his non-legal mail. To state a procedural due process claim, a plaintiff must allege that he has a definite liberty or property interest which has been abridged without appropriate process. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007); *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1108 (6th Cir. 1995). Plaintiff makes no such showing. He received notice that his outgoing nonlegal mail was confiscated since copies of the letters to his mother were given to his criminal attorney – and he does not allege what additional process he was due. Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (internal quotations and citations omitted). To state such a claim, a plaintiff must allege that he has a constitutionally protected interest which has been deprived by arbitrary and capricious state action. *MSI Regency, Ltd. v. Jackson*, No. 09–4473, 2011 WL 3555419, *8 (6th Cir. Aug. 12, 2011). Plaintiff alleges no such facts. His conclusory allegations, without factual support, are insufficient to state a procedural or substantive due process claim under § 1983. *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57.

D.

Lastly, Plaintiff asserts that he has not been given sufficient access to a law library in violation of his right of access to the courts. Prisoners have a constitutional right of access to the courts which the states have an affirmative duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). This right of access requires authorities to provide either the legal tools necessary for

6

inmates to represent themselves, *e.g.*, a state-provided law library or the assistance of legally-trained personnel. *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (citations omitted). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999).

To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). This can be established by showing that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his rights was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state an access to the courts claim under § 1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-30 (1992).

In this case, Plaintiff fails to allege sufficient facts to state a claim for the denial of his right of access to the courts. He neither alleges nor establishes prejudice, *i.e.*, that any of his constitutionally-guaranteed legal proceedings have been compromised by the alleged lack of law library access. To be sure, his pleadings indicate that he has legal counsel to assist him in his criminal case and he was able to file the instant civil rights action despite the alleged deficiencies at the jail. He has also not set forth facts to show that the defendants' conduct was intentional in the constitutional sense, *i.e.*, that the defendants denied him access to materials or assistance in order

7

to impede his legal proceedings. As noted, conclusory allegations are insufficient to state a federal civil rights claim. Plaintiff fails to state a denial of access to the courts claim in his pleadings.

### III. CONCLUSION

Based upon the foregoing discussion, Court concludes that Plaintiff's claims against the Washtenaw County Sheriff's Department are frivolous and that he has failed to state a claim upon which relief may be granted as to the other defendants. Accordingly, the Court **DISMISSES WITH PREJUDICE** the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. The Court further concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 11, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Mark Frey by electronic means or U.S. Mail on February 11, 2014.

S/Carol A. Pinegar
Deputy Clerk